FILED

NOT FOR PUBLICATION

OCT 12 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DJ ST. JON, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

v.

TIMOTHY J. TATRO, an individual; PETER A. ZAMOYSKI, an individual; TATRO & ZAMOYSKI, LLP, a California Limited Liability Partnership; VINCENT J. BARTOLOTTA, JR., an individual; KAREN R. FROSTROM, an individual; THORNES BARTOLOTTA & MCGUIRE, a California Limited Liability Partnership; M. D. SCULLY, an individual; WILLIAM M. RATHBONE, an individual; TIMOTHY K BRANSON, an individual; GORDON & REES LLP, a California Limited Liability Partnership; CITY OF SAN DIEGO, a California municipality; JAN I. GOLDSMITH, City Attorney for San Diego; DONALD R. WORLEY, Assistant City Attorney for San Diego; JOHN E. RILEY, Deputy City Attorney for San Diego,

Defendants-Appellees.

No.    16-55609

D.C. No.
3:15-cv-02552-GPC-JLB

MEMORANDUM[*]

Appeal from the United States District Court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before: MOTZ,** M. SMITH, and NGUYEN, Circuit Judges.

Plaintiff-Appellant D.J. St. Jon appeals the district court's dismissal of her complaint for lack of standing and pursuant to the *Rooker-Feldman* doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

As the facts and procedural history are familiar to the parties and not disputed, we do not recite them here. We will address them below as necessary to explain our disposition.

**ANALYSIS**

The district court held that St. Jon lacked standing to bring a claim under 42 U.S.C. § 1983 because, among other things, she had not suffered an injury in fact. On appeal, St. Jon waived any argument to the contrary by failing to raise it specifically and distinctly in her opening brief. *See Greenwood* v. *F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). St. Jon mentioned her alleged injuries in footnote 4 on page 25 of her opening brief, but provided no argument or citations to legal

---

** The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

authority. This does not suffice. *See, e.g., Jimenez* v. *Allstate Ins. Co.*, 765 F.3d 1161, 1164 n.4 (9th Cir. 2014) (lack of argument); *Rodriguez* v. *Airborne Express*, 265 F.3d 890, 894 n.2 (9th Cir. 2001) (footnote). Accordingly, St. Jon lacks an injury in fact and standing to sue. *See Civil Rights Educ. & Enf't Ctr.* v. *Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) (quoting *Lujan* v. *Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992)).

However, St. Jon would lack standing even if she had not waived an injury-in-fact argument. St. Jon has not established that she suffered any injury in fact that was causally connected to the conduct of Defendants-Appellees, which injury a favorable decision would likely redress. *See id.*

Because this case is resolved on the basis of standing, we do not reach the question of the *Rooker-Feldman* doctrine's applicability.

## CONCLUSION

For the foregoing reasons, the district court's dismissal of St. Jon's complaint is AFFIRMED.